

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. E. Richter, Secretary
State Board of Registration
for Professional Engineers
511 Ewell Walls Building
Austin, Texas

Dear Sir:

Opinion No. C-3217
Re: Whether conviction of felony
renders an applicant disquali-
fied for an engineering license
is a fact question for the
determination of the Board.

In your letter of request of February 25, 1941, you seek our opinion on the question of whether or not one previously convicted of a felony is eligible to hold an appointive engineering position with the State of Texas as set out in subdivision (e) of Section 12 of Senate Bill 74, Acts of the 45th Legislature, now known as Article 3217a of Vernon's Civil Statutes. You advised by telephone that no pardon has been granted. You likewise advised by telephone that the real question with which you are concerned is whether or not your Board should license one previously convicted of a felony by virtue of the statute above referred to.

Section 12 provides in part:

"Section 12. The following shall be considered as minimum evidence satisfactory to the Board that the applicant is qualified for registration as a professional engineer, to wit:

". . .

"(e) Provided, that no person shall be eligible for registration as a professional engineer who is not of good character and reputation; and provided further, that any engineer licensed under this Act shall be eligible to hold any appointive engineering position with the State of Texas."

Honorable F.X. Rightor, Page 2

We have made an examination of the statutes with respect to the specific question propounded by you to determine the statutory qualifications of engineers whose positions are provided for by law.

Article 6669 of the Revised Civil Statutes provides that the Highway Commission "shall elect a State Highway Engineer who shall be a competent engineer and a graduate of some first class school of civil engineering, experienced and skilled in highway construction and maintenance . . ."

The Board of Water Engineers was created by the Acts of the 33rd Legislature, Chapter 171 of the General Laws, and continued in force and effect by subsequent acts and is now provided for in Article 7477 of the Revised Civil Statutes.

Nothing is said with respect to either the Highway Engineer or the Board of Water Engineers relative to good character and reputation. Our examination of the statutes does not reveal any position of engineer which expressly makes good character and reputation a qualification for appointment. It necessarily follows that the applicant cannot be denied a license as being disqualified "to hold any appointive engineering position with the State of Texas" as such term is apparently meaningless.

We wish to point out, however, that your Board is charged with the duty of ascertaining whether or not the applicant is a person of "good character and reputation". We do not hold as a matter of law that the conviction of a person for a felony would render such person one of bad character and reputation. The determination of whether or not the conviction, together with all facts and circumstances before you, renders the applicant a person of bad character and reputation is a fact question which by law you are charged with the duty of determining. It has been repeatedly held by the courts of all jurisdictions that the determination of good character and reputation is a fact question. It was said by the Supreme Court of Missouri in the case of State v. Thompson, 60 S. W. 1077:

> "But defendant claims that Section 2 of the Act delegates legislative power to an executive officer, namely, the State Auditor, in that it confers upon him the right to say who are persons of good character, . . . .

Honorable F. E. Righter, Page 3

> While the Legislature could not delegate
> to the State Auditor the power to make laws,
> it does not follow that it could not dele-
> gate to him the power to pass upon the char-
> acter of persons applicants for licenses . . .
> The power delegated . . . is not the power
> to make a law, but is the power to determine
> a fact or thing upon which the action of the
> law depends. . . ." (Underscoring ours)

To the same effect, is the holding in the case of Harry Gundling v. City of Chicago, 177 U. S. 725.

In the case of Hall v. Geiger-Jones Company, 242 U. S. 539, the Supreme Court of the United States had before it the question of the constitutionality of the Ohio Securities Act. Involved therein was an attack upon the grounds that the delegation to the Banking Commissioner of the power to determine "good business repute" of the applicant was unconstitutional by reason of the 14th Amendment to the United States Constitution. Its validity was sustained. Mr. Justice McKenna said:

> "Reputation and character are quite
> tangible attributes, but there can be no
> legislative definition of them that can
> automatically attach to or identify indi-
> viduals possessing them, and necessarily
> the aid of some executive agency must be
> invoked."

The authorities upholding the validity of statutes delegating to executive officers and boards the duty of passing upon the fact question of good character and reputation are too numerous for detailed citation herein, but in addition to those hereinabove mentioned are the cases of:

Riley v. Chambers, 185 Pac. 855 (Sup. Ct. Calif.)
Lehon v. City of Atlanta, 84 S. E. 608 (Ga.)
City of Roanoke v. Land, 119 S. E. 59 (Supl Ct. Va.)

We trust that the above discussion of the law and authorities cited will assist you in the performance of your duty.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong

Lloyd Armstrong
Assistant

LA:OO

APPROVED MAR 29, 1941

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN